UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 23 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

PAUL B. CAMPBELL, )
    Petitioner )
     )
v. ) Cr. No. 92-0213 (TFH)
     )
UNITED STATES OF AMERICA. )

## MEMORANDUM OPINION

The Court has received an Order from the United States Court of Appeals for the District of Columbia Circuit directing it to determine whether a Certificate of Appealability ("COA") is warranted, with respect to Petitioner's appeal of the Court's Memorandum Opinion and Order dated August 23, 2004. After careful consideration of the record in this case, the Court finds that a COA is not warranted.

### I. BACKGROUND

On August 23, 2004, the Court issued a Memorandum Opinion and accompanying Order denying Petitioner Paul B. Campbell's Motion for New Trial[1] and Motion to Vacate, Set Aside, or Correct Sentence (and its amendments), with the exception that the Court granted the motion to vacate Petitioner's conviction and sentence on Count One of the indictment. Count One was the conspiracy charge. An Amended Judgment was entered on September 16, 2004 [# 415]. Petitioner appealed the Court's decision. On October 28, 2004, the Court of Appeals, on its own motion, referred to the Court the determination of whether a certificate of appealability is warranted in this case.

---

[1] Petitioner's motion for new trial was construed by this Court as a motion pursuant to 28 U.S.C. § 2255. See TFH Order 05/10/1996.

## II. DISCUSSION

A certificate of appealability is required before an appeal may be taken from the final order on a motion under 28 U.S.C. § 2255. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Where the movant's claims were rejected on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable that the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

### A.     Motion for New Trial

The first of the motions resolved by the Court's opinion at issue was originally filed as a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Because the motion raised constitutional challenges to a conviction arising from conduct at trial, and Petitioner would not be prejudiced by the recharacterization, the Court construed the motion as one brought pursuant to 28 U.S.C. § 2255. TFH Order 05/10/1996 [# 296]; see United States v. Palmer, 296 F.3d 1135, 1143-48 (D.C. Cir. 2002). In this motion, Petitioner

claimed that his constitutional rights were violated because the government failed to meet its disclosure requirements under Brady v. Maryland, 373 U.S. 83 (1963), and because the government engaged in prosecutorial misconduct by knowingly sponsoring false testimony at trial.

Under Brady, the government has an affirmative duty to disclose material evidence favorable to a criminal defendant. Brady, 373 U.S. at 87. This duty extends to evidence that could be used to impeach the credibility of a witness. Giglio v. United States, 405 U.S. 150, 154-55 (1972). Unless the verdict would be different in light of the undisclosed evidence, there is no Brady violation. Strickler v. Greene, 527 U.S. 263, 281 (1999). The Court found that none of the evidence Petitioner pointed to in his motion qualified as Brady material, as the evidence was cumulative or otherwise immaterial. Because jurists of reason could not find it debatable that the evidence at issue was not material, a certificate of appealability is not warranted as to this issue.

Petitioner's Motion for New Trial next claimed that the government knowingly sponsored two witness' false testimony at trial. This claim was based on Petitioner's assertion that two government witnesses gave demonstrably false testimony, combined with the fact that the government did not void those witness' plea agreements even though one of the conditions of their agreements was that they provide truthful testimony at trial. The Court ruled in its opinion that because the allegedly false testimony was known to Petitioner at the time of his direct appeal, he must meet the "cause and actual prejudice" standard. See United States v. Frady, 456 U.S. 152, 167-68 (1982). In order to show cause for a collateral review of the issue, a petitioner must show that "some objective factor external to the defense impeded

counsel's efforts" to raise the claim earlier. Murray v. Carrier, 477 U.S. 478, 488 (1986). Because Petitioner failed to provide a reason for failing to raise these claims on direct appeal, the claims were denied. Because no jurists of reason would find it debatable that Petitioner's claims of prosecutorial misconduct were properly denied on procedural grounds, a certificate of appealability must be denied. The issues raised in Petitioner's Motion for New Trial are not "adequate to deserve encouragement to proceed further." See Slack, 529 U.S. at 484. Therefore, a COA is not warranted as to that motion.

**B.     Motion to Vacate, Set Aside, or Correct Sentence**

A COA is also unwarranted as to the Court's denial of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. In that motion, Petitioner claimed that his constitutional rights were violated at trial as a result of ineffective assistance of counsel, counsel's conflict of interest, and errors on the part of the trial court. As to his claim of ineffective assistance of counsel, Petitioner's motion was denied because he failed to demonstrate that he had been prejudiced by any of the alleged deficiencies in his counsel's performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner next claimed that trial counsel's failure to interview or call a witness, Dewayne Robinson, presented a conflict of interest because counsel had represented Robinson in a previous unrelated prosecution. Because Petitioner failed to present evidence that established an actual conflict of interest, and further failed to demonstrate how he was prejudiced by the potential conflict, Petitioner's claim again failed under Strickland. See id.; Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Finally, Petitioner's motion was denied as to the trial court errors he alleged because Petitioner did not object to any of these errors during

the course of trial, and did not raise them as he pursued and exhausted his direct appeal.[2] See Frady, 456 U.S. at 164 ("Once the defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum."). Because jurists of reason could not find it debatable that Petitioner's claims must be denied under Strickland v. Washington, given his failure to demonstrate prejudice, a certificate of appealability is denied as to Petitioner's § 2255 motion.

### III. CONCLUSION

For the reasons stated above, the Court finds that a Certificate of Appealability is not warranted as to any of the issues ruled upon by the Court's Memorandum Opinion and Order dated August 23, 2004. An appropriate order will accompany this Memorandum Opinion.

January _19_, 2006

_____
Thomas F. Hogan
Chief Judge

---

[2] Each of these alleged errors were substantively addressed in the Court's denial of Petitioner's Motion for New Trial.