UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APR 1 3 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 92-0213 (TFH) |
| | ) |
| PAUL B. CAMPBELL, | ) |
| | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION

Pending before the Court is Petitioner's Motion for Appointment of Counsel. In support of this motion, Petitioner argues that because his retained counsel has withdrawn from his case, the interests of justice require that this Court appoint new counsel for him to assist in the filing of his motions under 28 U.S.C. § 2255. Upon careful consideration of Petitioner's motion and the entire record herein, the Court will deny the motion, as Petitioner has not demonstrated financial eligibility for appointed counsel, nor do the interests of justice demand the appointment of counsel in these circumstances.

## I. BACKGROUND

On August 18, 1993, Petitioner Paul B. Campbell was convicted of conspiracy to possess and distribute cocaine, engaging in a continuing criminal enterprise, and distribution of drugs in the District of Columbia. On January 25, 1994, this Court sentenced him to life imprisonment. On appeal, Petitioner's conviction was affirmed. United States v. Mitchell, 49 F.3d 769 (D.C. Cir. 1995). On August 23, 2004, in light of the Supreme Court's determination in Rutledge v. United States, 517 U.S. 292, 307 (1996), that conspiracy is a lesser included offense of engaging in a continuing criminal exercise and that Congress only intended to authorize one punishment

for the two offenses, this Court vacated Petitioner's conviction and sentence on Count One, the conspiracy charge.

Throughout the course of these proceedings, Petitioner was represented by counsel. At his arraignment, on December 8, 1992, and continuing through his trial until February of 1994, Petitioner was represented by attorneys from the Federal Public Defender's office. From February of 1994 until July of 2002, Petitioner was continually represented by public defenders and appointed counsel. Beginning in July of 2002, Petitioner was represented by Attorney Billy Ponds of Washington, D.C., who he retained as private counsel; Attorney Ponds terminated his representation of Petitioner on February 24, 2005. On March 8, 2005, Petitioner, acting *pro se*, filed this motion, requesting that the Court appoint new counsel "in the interest of justice."

## II.  DISCUSSION

This Court has previously noted that "a defendant is not entitled to the assistance of counsel in connection with a § 2255 motion." United States v. Pollard, 290 F. Supp. 2d 153, 162 (D.D.C. 2003); see also United States v. Parman, 461 F.2d 1203, 1206 (D.C. Cir. 1971)("We do not believe a defendant has an absolute right to counsel in a 2255 appeal."). This conclusion was supported by the observation that "[t]he Supreme Court has 'never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . .'" Pollard, 290 F. Supp. 2d at 163 (quoting Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). Congress has provided that if a court determines that "the interests of justice" require the assistance of counsel, counsel *may* be appointed "for any financially eligible person who... is seeking relief under section... 2255 of Title 28." 18 U.S.C. § 3006A(a)(2)(B).

2

Assuming for the sake of argument that Petitioner is financially eligible for appointed counsel, the interests of justice do not require the appointment of counsel here. Although the D.C. Circuit has not yet indicated what factors should be considered when making this determination, the decisions of other circuits provide some guidance. The First Circuit has considered the following factors in determining whether appointment of counsel is warranted: (1) whether the petitioner has shown a fair likelihood of success on the merits; (2) whether the claim is factually complex and legally intricate; and (3) whether the petitioner has the ability to investigate any undeveloped facts which may have bearing on his case. United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993) (noting rarity of § 2255 case in which appointment of counsel is warranted); see also Engberg v. Wyoming, 265 F.3d 1109, 1121-22 (10th Cir. 2001). The D.C. Circuit has indicated that appointment of counsel is not warranted when there is an "insufficient likelihood of success on the merits." United States v. Lawrence, 1998 WL 545406 (D.C. Cir. 1998).

Petitioner's motion fails to show that any of these factors support the appointment of counsel in the present case. It does not indicate that any further factual investigation is warranted. Nor does it appear that Petitioner lacks the sophistication necessary to make legal arguments on his own behalf. In the motions that he has filed *pro se*, Petitioner has demonstrated an ability to "articulate lucidly the legal basis" for these motions by citing to authority and setting forth arguments based on this authority. See United States v. Waite, 382 F. Supp. 2d 1, 2 (D.D.C. 2005). See generally Petitioner's Motion for Relief Under Federal Rule of Civil Procedure 60(b). Furthermore, Petitioner has not demonstrated a "colorable claim" that is likely to succeed on the merits. See Mala, 7 F.3d at 1063 n.6.

3

## III.  CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's Motion for Appointment of

Counsel.  An appropriate order will accompany this opinion.


April **12**, 2006

Thomas F. Hogan
Chief Judge


Copies to:

Paul B. Campbell
Reg. No. 23125-044
U.S.P. Atwater
P.O. Box 019001
Atwater, CA 95301

United States Attorney's Office
Special Proceedings Section/ Room 10-824
555 4th Street, NW
Washington, DC 20530