FILED
MAY 30 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **PAUL B. CAMPBELL,** **Petitioner** | ) | |
| | ) | |
| **v.** | ) | **Cr. No. 92-0213-01 (TFH)** |
| | ) | |
| **UNITED STATES OF AMERICA.** | ) | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Paul B. Campbell's Motion for Relief Under Federal Rule of Civil Procedure 60(b). Upon careful consideration of Petitioner's motion, the Court will deny relief.

## I. BACKGROUND

On August 23, 2004, the Court issued a Memorandum Opinion and Order denying Petitioner's Motion for New Trial, motion pursuant to 28 U.S.C. § 2255 (and its amendments and supplements), and Motion for Hearing on Motion for New Trial, and granting his Motion to Vacate the Conspiracy Charge. Petitioner argues that the Order dated August 23, 2004, should be vacated in the interest of justice. Mot. for Relief Under Fed. R. Civ. P. 60(b) at 4. Petitioner contends that his motion for a new trial was improperly construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

## II. DISCUSSION

Rule 60(b)(6) provides that the Court may alter a final order, "upon such terms as are just," for "any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The Supreme Court has held that a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances. Ackermann v. United States, 340 U.S. 193, 202 (1950). This

circuit "has cautioned that it 'should be only sparingly used.'" Twelve John Does v. District of Columbia, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (quoting Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980). Petitioner fails to demonstrate any such extraordinary situation in this case.

Petitioner's motion for new trial was recharacterized as a § 2255 motion because it raised constitutional challenges to a conviction arising from conduct at trial, which are properly brought pursuant to § 2255. See TFH Or., May 10, 1996. According to Petitioner, the Court erred in recharacterizing the motion, because it did not follow the procedure set forth in Castro v. United States, 540 U.S. 375 (2003). Further, Petitioner argues that because his motion was treated as a § 2255 motion, the Court lacked jurisdiction to rule on the merits of his second § 2255 motion, filed on April 23, 1997. Mot. for Relief Under Fed. R. Civ. P. 60(b) at 1-2. For these reasons, Petitioner requests that the Court vacate its Order dated August 23, 2004.

Petitioner first argues that the Court erred in its failure to warn Petitioner before recharacterizing his motion for new trial as a § 2255 motion. Defendant's argument rests on the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003). In that case, the Supreme Court limited district courts' ability to recharacterize motions filed by *pro se* litigants. See Castro, 540 U.S. at 377 (recognizing the widely-held practice of treating a motion that a federal prisoner filed under a different title as a motion for habeas relief under 28 U.S.C. § 2255).[1] Castro does not provide relief to Petitioner. Defendant did not file the Motion for New

[1] "The district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying the later motions the law's "second or successive"

Trial that was construed as a § 2255 motion *pro se*. The January 26, 1996, motion was filed by and through Petitioner's counsel Reita Pendry, Assistant Federal Defender. See Def.'s Mot. New Trial at 30. The Castro requirements only apply to *pro se* litigants. See id. at 383. The Court reaffirms its decision to recharacterize Petitioner's motion for new trial as a § 2255 motion.[2]

Petitioner next argues that once the Court recharacterized his first motion as one brought under § 2255, it lacked jurisdiction to consider his second § 2255 motion. Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposed a one-year period of limitation on the filing of § 2255 motions. It also imposed a new restriction that before filing a second or successive motion under § 2255, a petitioner must obtain certification to do so from a court of appeals. See 28 U.S.C. § 2255 ¶¶ 6, 8. Defendants convicted prior to the enactment of AEDPA, such as Petitioner, had one year, until April 24, 1997 to comply with the new rules. See United States v. Cicero, 214 F.3d 199, 205 (D.C. Cir. 2000) ("Prisoners whose convictions became final prior to the effective date of the AEDPA had until April 24, 1997, to file a motion for relief under § 2255."). Because Petitioner's motion was filed on April 23, 1997, the motion was properly considered on its merits by the Court. See id. The Court reaffirms its holdings in the August 23, 2004, Memorandum Opinion and Order.

---

restrictions." Castro at 383.

[2] Even if Castro did apply to Petitioner, the result would be that the recharacterized motion would not trigger the imposition of AEDPA's restrictions on Petitioner's subsequent § 2255 motion. See Castro, 540 U.S. at 383. As discussed *infra*, because Petitioner's second § 2255 motion was considered on the merits in the first instance, there is no prejudice to Petitioner.

**III. CONCLUSION**

For the foregoing reasons, the Court will deny Defendant's Motion for Relief Under Federal Rule of Civil Procedure 60(b). An appropriate Order will accompany this opinion.

~~June~~ May 19, 2006

Thomas F. Hogan
Chief Judge

Copies to:

Paul B. Campbell
Reg. No. 23125-044
U.S.P. Atwater
P.O. Box 019001
Atwater, CA 95301

United States Attorney's Office
Special Proceedings Section/ Room 10-824
555 4th Street, NW
Washington, DC 20530