FILED
AUG 4 - 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL B. CAMPBELL,          )
    Petitioner          )
                           )
v.                         )    Cr. No. 92-0213 (TFH)
                           )
UNITED STATES OF AMERICA.  )

## MEMORANDUM OPINION

The Court has received an Order from the United States Court of Appeals for the District of Columbia Circuit directing it to determine whether a Certificate of Appealability ("COA") is warranted, with respect to Petitioner's appeal of the Court's Memorandum Opinion and Order dated May 19, 2006. Also pending before the Court are Petitioner Paul B. Campbell's Motion for Appointment of Counsel and Motion for Leave to Appeal in Forma Pauperis. After careful consideration of the record in this case, the Court finds that a COA is not warranted, and will deny Petitioner's motions for counsel, and to proceed in forma pauperis.

### I. BACKGROUND

On May 19, 2006, the Court issued a Memorandum Opinion and Order denying Petitioner Paul B. Campbell's Motion for Relief Under Federal Rule of Civil Procedure 60(b). In that motion, Petitioner had asked the Court, in the interests of justice, to vacate its ruling on his prior motions for post-conviction relief. The Court refused to do so, reaffirming its prior rulings. Petitioner has now appealed the Court's decision on his Rule 60(b) motion. On July 27, 2006, the Court of Appeals, on its own motion, referred to the Court the determination of whether a certificate of appealability is warranted in this case.

## II. DISCUSSION

Under 28 U.S.C. § 2253(c)(1), a certificate of appealability is required before an appeal may be taken from the denial of Rule 60(b) motions in habeas cases. See United States v. Vargas, 415 F.3d 23 (D.C. Cir. 2005). A COA may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, the Court denied Petitioner's Rule 60(b) motion because Petitioner had failed to demonstrate why the Court's prior ruling should be vacated. Defendant had no underlying constitutional claim which jurists of reason would find debatable. See Slack, 529 U.S. at 484; Vargas, 415 F.3d at 24. Accordingly, a certificate of appealability is not warranted.

## III. CONCLUSION

For the foregoing reasons, the Court declines to issue a Certificate of Appealability as to the Court's Memorandum Opinion and Order dated May 19, 2006. Because a certificate of appealability is not warranted, the Court will deny Petitioner's motion for appointment of counsel and motion for leave to appeal in forma pauperis. An appropriate order will accompany this Memorandum Opinion.

August 3, 2006

Thomas F. Hogan
Chief Judge

Copies to:

Paul B. Campbell
Reg. No. 23125-044
U.S.P. Adelanto
P.O. Box 5500
Adelanto, CA 92301-5155