# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Crim. No. 92-0213 (TFH) |
| vs. ) | |
| ) | |
| PAUL B. CAMPBELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the Court are Mr. Campbell's (i) *Pro Se* Motion to Reopen and Reconsider Final Judgment and Order Denying Section 2255 and Rule 60(b) Motions pursuant to Fed. R. Civ. P. 60 (the "New Rule 60 Motion"), and (ii) Motion to Appoint Counsel. Upon careful consideration of the motions and the record of this case the motions are **DENIED**.

## I. BACKGROUND

On August 18, 1993, Petitioner Paul B. Campbell was convicted of conspiracy to possess and distribute cocaine, engaging in a continuing criminal enterprise, and distribution of drugs in the District of Columbia. On January 25, 1994 this Court sentenced him to life imprisonment. His conviction was affirmed on appeal. *United States v. Mitchell*, 49 F.3d 769 (D.C. Cir. 1995). In a Memorandum Opinion and Order dated August 23, 2004 (together, the "2004 Order"), the Court denied Mr. Campbell's Motion for a New Trial, Motion Pursuant to 28 U.S.C. § 2255, and Motion for Hearing on Motion for New Trial. [Dkt. ## 412, 413]. However, in the 2004 Order the Court did vacate Mr. Campbell's conviction and sentence for the conspiracy charge in light of *Rutledge v. United States*, 517 U.S. 292, 307 (1996).

Mr. Campbell filed a Motion for Relief under Rule 60(b) on April 4, 2005, claiming that the August 2004 order should be vacated in the interests of justice and that the Court improperly construed his motion for a new trial as a motion under 28 U.S.C. § 2255 (the "Old 60(b) Motion"). [Dkt. # 419]. The Court denied that motion in a Memorandum Opinion and a separate Order both entered on June 6, 2006 (together, the "2006 Order"). [Dkt. ## 435, 436]. Mr. Campbell appealed this decision [Dkt. # 437], but the Court denied him a Certificate of Appealability ("COA") in a Memorandum Opinion and separate Order both entered on August 4, 2006. [Dkt. ## 442, 443]. The Court of Appeals denied Mr. Campbell's requests for COAs in turn, and affirmed several other aspects of the Court's prior rulings. [Dkt. ## 447, 448]. On August 20, 2007, Mr. Campbell filed this Motion to Reopen and Reconsider the 2006 Order pursuant to Fed. R. Civ. P. 60(a), 60(b)(1), and 60(b)(6). [Dkt. # 449]. Mr. Campbell filed his Motion to Appoint Counsel on May 22, 2009. [Dkt. # 452].

The Federal Public Defender's office represented Mr. Campbell from his arraignment in December 1992 through his trial in February 1994. From February 1994 until July 2002 Mr. Campbell was continually represented by public defenders and appointed counsel. From July 2002 to February 2005 Mr. Billy Ponds of Washington, D.C. represented Mr. Campbell. Since February 2005 Mr. Campbell has been representing himself *pro se*.

## II. The New Rule 60 Motion

Mr. Campbell claims that he tried to file an amended version of the Old 60(b) Motion (the "Supplement") three times in February and March 2006 that contained an additional argument bolstering the claim in his § 2255 motion that he received ineffective assistance of counsel at trial, but the Court staff lost and did not file it each time and thus the Court never

considered the argument. Mr. Campbell's relevant claim of ineffectiveness of counsel was that defense counsel "failed to impeach Calvin Stevens' testimony at trial with testimony from a true cellphone expert." New Rule 60 Motion at 3. In the 2004 Order the Court reasoned that because two other expert witnesses directly rebutted Mr. Stevens's relevant testimony at trial, any other expert testimony for that purpose would have been cumulative and that Mr. Campbell had failed to explain how another cell phone expert would have testified or changed the outcome of the trial. 2004 Order at 26.

Mr. Campbell claims that his Supplement solved those problems. The Supplement supposedly included an affidavit from a Mr. DeRay Sudweeks (the "Affidavit"), who claims to be an expert regarding cellular phone service and technologies. Aff. ¶ 1. Mr. Sudweeks's conclusion is that there was "no procedure that would have allowed a cell call to be billed to a land-line. . . . [I]t was not possible in 1990 because the technology did not exist." Id. ¶ 10. This conclusion contradicts testimony Mr. Stevens gave at trial speculating that Mr. Campbell caused calls from his cell phone to register on Mr. Stevens's land-line bill. Id. ¶¶ 8–9.

Mr. Campbell argues that the Court's failure to file the Supplement with the Affidavit requires relief under Fed. R. Civ. P. 60(a), 60(b)(1), and/or 60(b)(6).

A. Rule 60(a)

Rule 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Mr. Campbell considers the Court's failure to file his Supplement as such a "clerical error." Indeed, some courts have found that the failure of a court clerk to docket a document it receives can be such a "clerical mistake." *See Baez v. United States*, Crim. No. 03:97cr48 (AHN), Civ.

No. 03:02cv68 (AHN), 2007 U.S. Dist. LEXIS 96202, at *12 (D. Conn. Feb. 22, 2007); *Pattiz v. Schwartz,* 386 F.2d 300, 302-03 (8th Cir. 1968).

However, there must be some basis upon which to find such a mistake. As evidence of this clerical error, Mr. Campbell provides a copy of an internet FedEx tracking report, which he claims is evidence of his third attempt to mail the Supplement to the Court. New Rule 60 Motion, Ex. 3. The report indicates that something, sent by someone, was shipped from San Jose, CA on March 8, 2006 and arrived at Washington, D.C. on March 9, 2006. "R.SMITH" signed for the package. No destination address appears. The sender's name does not appear on the report. In fact, no other names appear on the report.

Nor does Mr. Campbell present any evidence of the other two attempts to file the Supplement. He claims that he mailed the first from "USP Atwater, California" and the other via FedEx. New Rule 60 Motion at 5. The latter was "signed for by V. Priscolli at 10:19 a.m., according to Federal Express tracking number 8541." *Id.* Mr. Campbell provides no evidence of either attempt. Mr. Campbell does not include a copy of the Supplement with this motion, and fails to explain why he stopped trying to file the Affidavit or otherwise alert the Court to its existence until filing this motion.

It is possible that Mr. Campbell's claims of Court-clerk errors are correct, but under such circumstances, the Court fails to extract any credible evidence that the Court clerk made any mistake in this case and thus denies relief under Rule 60(a). In any event, even if a clerical mistake occurred, the Affidavit is irrelevant to Mr. Campbell's claims, as explained *infra* in Part II(C).

B. Rule 60(b)(1) and 60(b)(6).

"A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The 2006 Order that Mr. Campbell challenges was entered on June 6, 2006. Mr. Campbell filed the New Rule 60 Motion on August 20, 2007. The New Rule 60 Motion is dated August 15, 2007. Thus, the motion is untimely under Rule 60(b)(1).

Mr. Campbell's motion is also untimely under Rule 60(b)(6) because it was filed in an unreasonable amount of time following the 2006 Order. What is an unreasonable amount of time "must be applied to the specific facts of each case, after considering 'whether the party opposing the motion has been prejudiced by the delay in seeking relief and . . . whether the moving party had some good reason for his failure to take appropriate action sooner.'" *Salazar v. District of Columbia*, 729 F. Supp. 2d 257 (D.D.C. 2010) (quoting 11 Charles A. Wright, et al., Federal Practice and Procedure, § 2866 (2d ed. 2009)).

Here, Mr. Campbell apparently had the Affidavit since February 2006, when he claims to have first tried to mail it to the Court. New Rule 60 Motion at 5. Even if the Court failed to file the Affidavit three times as Mr. Campbell claims, he fails to explain why he stopped trying to file it or otherwise alert the Court of its existence. Instead, Mr. Campbell apparently sat on this Affidavit for well over a year from even the date of the 2006 Order before submitting it to the Court with this motion. The Court cannot find such a delay reasonable. The Court thus finds that Mr. Campbell's motion under Rule 60(b)(6) is untimely.

C. Substance of the Affidavit

The Court further finds that even if the Affidavit was or had been properly before the Court, it would not help Mr. Campbell's case because the Affidavit is cumulative of other expert testimony offered at trial. Two other expert witnesses at trial gave the same opinion as Mr. Sudweeks—*i.e.* that it was not possible for Mr. Campbell to rig a cellular phone to make its outgoing calls register on Mr. Stevens's land-line phone records. *See* 2004 Order at 26. Therefore, the Court still fails to see how another cellular-phone expert's testimony brought for the purpose of impeaching Mr. Stevens's testimony could have changed the trial's outcome.

**III.   Motion to Appoint Counsel**

Mr. Campbell has also filed a motion asking the Court to appoint counsel to assist Mr. Campbell with his New Rule 60 Motion and to assist him in making a claim that his sentence should be reduced pursuant to Amendment 706 to the United States Sentencing Guidelines, lowering by two levels the penalties applicable to most cocaine base offenses. *See* U.S.S.G., Suppl. to App. C, Amendment 706 (Nov. 1, 2007); *see also* U.S.S.G., Suppl. to App. C, Amendment 713 (Mar. 3, 2008) (including Amendment 706 in list of amendments that apply retroactively to previously sentenced defendants).

In evaluating whether appointment is appropriate, the Court considers:

(i)   the nature and complexity of the action;

(ii)  the potential merit of the *pro se* party's claims;

(iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and

(iv)  the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

LCvR 83.11(b)(3); *Gaviria v. Reynolds*, 476 F.3d 940, 943 (D.C. Cir. 2007) (explaining that LCvR 83.11(b)(3) provides the "metric for evaluating appointment of counsel"). Applying these factors, the Court denies Mr. Campbell's motion to appoint counsel.

First, the Court sees no reason to appoint counsel to assist with the New Rule 60 Motion because that motion had already been filed when Mr. Campbell filed the motion to appoint counsel, and the Court has now denied that motion because it is procedurally improper and substantively meritless.

Second, Mr. Campbell is mistaken that the changes to the Guidelines would affect his sentence. The Court notes that Mr. Campbell is serving a mandatory life sentence for engaging in an ongoing criminal conspiracy in violation of 21 U.S.C. § 848(a) and (b). Further, Mr. Campbell's total offense level under the Guidelines was 50. *See* Campbell Presentence Invest. Rep. at 18 (Dec. 2, 1993). However, U.S.S.G. Ch. 5, Pt. A required that offense levels exceeding 43 be capped at that level. Mr. Campbell's offense level was therefore lowered to 43. *Id.* Even though the Court vacated Mr. Campbell's conspiracy charge, based conservatively on the amount of drugs involved in his offenses and to which he is tied, the Court considers it very unlikely that Mr. Campbell's offense level could be reduced to a point at which it would fall below a 43. Further, even if Mr. Campbell cannot obtain counsel through other reasonable means, Mr. Campbell has proven able to make much more complex arguments in *pro se* motions before this Court. The Court thus declines to appoint counsel.

The New Rule 60 Motion and the Motion to Appoint Counsel will be **DENIED**. An appropriate Order shall accompany this Memorandum Opinion.

**SO ORDERED.**

February 1, 2011

_____
Thomas F. Hogan
UNITED STATES DISTRICT JUDGE

Copies to:

PAUL B. CAMPBELL
Reg. No.23125-044
U.S.P. Adelanto
P.O. Box 5500
Adelanto, California 92301-5155